IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD JOSEPH BELL, #06012053, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1041-G |
| | ) | ECF |
| DR. ROBERT STEVENSON, et al., | ) | |
|         Defendants. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified civil action filed by a pre-trial detainee.

Parties: Plaintiff is presently confined at the Kerrville State Hospital in Kerrville, Texas. Defendants are two employees of Kerrville State Hospital, Dr. Robert Stevenson and Social Worker Michael Alkek, and the licensed psychiatrist assigned to the 282 District Court, Dr. Clayton. The Court did not issue process in this case, pending preliminary screening.[1]

---

[1] This is Plaintiff's third action during the last three months. See Bell v. 282nd District Court, 3:06cv0463-B (N.D. Tex., Dallas Div., filed March 15, 2006) (referred to Magistrate Judge Sanderson) (pre-trial habeas corpus action challenging speedy trial violation in Cause No. F05-74395); and Bell v. Greene, et al., 3:06cv608-K (N.D. Tex., Dallas Div., filed on April 4, 2006) (referred to Magistrate Judge Kaplan) (civil action against Judge Greene and the "licensed staff" of the 282nd Judicial District Court, seeking monetary damages and dismissal of the indictment in F05-74395 because of defamation of character and false representation of criminal record). The respective magistrate judges recently filed findings and conclusions

Statement of Case: Plaintiff's complaint is difficult to decipher. It appears that Judge Karen Greene of the 282nd District Court of Dallas County, Texas, recently found Plaintiff incompetent to stand trial on a charge of aggravated assault with a deadly weapon in Cause No. F05-74395-S, and committed him to the Kerrville State Hospital. Dissatisfied with the outcome of the competency hearing and the manner in which the hearing was conducted, Plaintiff now seeks to sue Dr. Clayton, the psychiatrist who testified at the court competency hearing, for defamation and for fraudulently concealing information published about Plaintiff. (See Complaint at 2; and Answer to Magistrate Judge's Questionnaire filed on June 13, 2006, in No. 3:06cv0608-K). In particular he complains that Dr. Clayton lied and distorted the following facts: (1) Plaintiff's biography was published in the 1980 Edition of Who is Who Finance and Industry; (2) Plaintiff was the 1978 Dallas and Fort Worth Campaign Director for the Bill Clements "Black Texans for Clements" Gubernatorial Campaign; (3) Plaintiff was Special Project Engineer for Sedco Inc.; (4) Plaintiff earned an "ASEE degree from Allene Hancock College; Santa Maria, California, and (5) Plaintiff earned a BSEE degree from California Polytechnics College, San Luis Obispo, California. (Complaint at first ¶¶ A-I).

---

recommending the dismissal of No. 3:06cv0463-B for failure to exhaust, and the dismissal of No. 3:06cv608-K for want of jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. In addition to the 2006 cases, Plaintiff has filed five actions. Four of those were dismissed for want of prosecution, see Bell v. Bowles, 3:04cv0621-H (N.D. Tex. Jun 21, 2004); Bell v. Clements, No. 3:04cv2458-N (N.D. Tex. March 4, 2005); Bell v. Bowles, 3:05cv0135-L (N.D. Tex. May 25, 2005); Bell v. Bowles, 3:05cv2496-M (N.D. Tex. Apr. 6, 2006). One case was dismissed as frivolous. Bell v. Williams, 3:05cv1933-G (N.D. Tex. Jan 4, 2006).
    Plaintiff concedes that this action is connected to his 2006 cases.

In addition to Dr. Clayton, Plaintiff seeks to sue Dr. Stevenson and Case Worker Alkek for fraudulently concealing "Dr. Clayton's wanton lies, distortions and innuendos" and for poisoning Plaintiff with "resperdal injections" at Kerrville State Hospital.  Plaintiff seeks compensatory and punitive damages against all Defendants.

Findings and Conclusions:  The court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  See also 28 U.S.C. § 1915(e)(2)(B).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The Court liberally construes Plaintiff's complaint to assert a federal civil rights claim against Dr. Clayton under 42 U.S.C. § 1983.  Such a claim lacks an arguable basis in law and

3

should be dismissed with prejudice as frivolous at the screening stage. Plaintiff cannot raise a constitutional violation for defamation of his character on the basis of Dr. Clayton's testimony at the competency hearing. Allegation of an injury solely to a plaintiff's reputation is insufficient to establish liability for civil rights violation under § 1983. See, e.g., Paul v. Davis, 424 U.S. 693, 711-12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under § 1983); Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994) (same); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990) (same); see also Mowbray v. Cameron County, Tex., 274 F.3d 269, 277 (5th Cir. 2001).

Moreover, Plaintiff cannot establish the necessary physical injury to sustain a claim for monetary damages for his claims against Dr. Clayton. See Harper v. Showers, 174 F.3d 716, 719 n. 5 (5th Cir. 1999); see also Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).[2] The only injury which Plaintiff could have suffered as a consequence of the defamatory statements and fraudulent concealment was mental pain and suffering. As a result, § 1997e(e) bars his request for monetary damages. See Harper, 174 F.3d at 719; see also Alexander v. Tippah County, 351 F.3d 626, 631 (5th Cir. 2003) (prisoners could not recover for mental or emotional damages absent more than de minimis physical injury).

Insofar as Plaintiff contends that Dr. Clayton testified falsely at his competency hearing, absolute immunity shields this Defendant from liability for such action. In Briscoe v. LaHue,

---

[2] 42 U.S.C. § 1997e(e) states: "No federal civil action may be brought by a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury."

460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the Supreme Court held that all witnesses--police officers as well as lay witnesses--are absolutely immune from civil liability under § 1983, including those who give allegedly perjured testimony during adversarial criminal proceedings. Id. at 334, 103 S.Ct. at 111. See also Moore v. McDonald, 30 F.3d 616 (5th Cir. 1994) (deputy sheriff's testimony in adversarial pretrial suppression hearing was absolutely immune from arrestee's § 1983 claim).[3]

Apart from the alleged civil rights violation addressed above, the complaint fails to allege a federal question arising under the Constitution or federal law against Dr. Clayton. See 28 U.S.C. § 1331. Nor is federal diversity jurisdiction proper, as both Plaintiff and Dr. Clayton are citizens of Texas. See 28 U.S.C. § 1332. Therefore, any remaining claims against Dr. Clayton should be dismissed for want of jurisdiction. Ross v. Marshall, 426 F.3d 745, 751 (5th Cir. 2005) (the court must examine *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction at the inception of any federal action); Moody v. Empire Life Ins. Co., 849 F.2d 902, 904 (5th Cir. 1988) (same).

Plaintiff also seeks to sue Dr. Stevenson and Case Worker Alkek for conduct that occurred since his transfer to Kerrville State Hospital, where Defendants are employed. The City of Kerrville is located in Kerr County which lies within the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(4). None of the events took place in the Northern District

---

[3] Moreover, Plaintiff cannot bring an action based upon Dr. Clayton's testimony at the competency hearing unless the requirements of Heck v. Humphrey, 512 U.S. 477 (1994), are satisfied. Plaintiff concedes in answer to the questionnaire filed in No. 3:06cv0608-K that no state court or federal habeas court has determined that the terms of his confinement are invalid. (See Answer to Question 1 in docket # 11 filed in 3:06cv0608-K).

5

of Texas. Because Plaintiff's claims arise out of events that occurred in Kerr County, venue is not proper in the Northern District of Texas.[4]

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a). Section 1406(a) provides as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice. See Caldwell v. Palmetto State Savings Bank of South Carolina, 811 F.2d 916, 919 (5th Cir.1987).

In the present case, Plaintiff complains of acts or omissions that Defendants Stevenson and Alkek allegedly engaged in since his recent transfer to Kerrville State Hospital in May or June 2006.[5] Therefore, he is at no risk of having any claims being subject to a limitations

---

[4] 28 U.S.C. § 1391(b), which governs venue of a federal cause of action, provides in pertinent part as follows:
   (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

[5] The docket sheet in No. 3:06cv463-B reflects that Plaintiff was at the Dallas County Jail on March 15, 2006, as of the filing of the complaint in that case. Plaintiff, thereafter, filed two notices of change of address. The first one on April 18, 2006, noting that he had been transferred to Vernon State Hospital in Vernon, Texas, and the second one on June 2, 2006, noting that he had been transferred to his present location at the Kerrville State Hospital.

defense. Under such circumstances, the Court should consider dismissing the claims against Defendants Stevenson and Alkek without prejudice.

RECOMMENDATION:

For the forgoing reasons, it is recommended that Plaintiff's civil rights claims against Dr. Clayton be dismissed with prejudice as frivolous, see 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(2), and that any remaining claims against Dr. Clayton be dismissed for want of jurisdiction. See 28 U.S.C. §§ 1331 and 1332.

It is further recommended, that Plaintiff's claims against Dr. Robert Stevenson and Social Worker Alkek be dismissed without prejudice because of improper venue. See 28 U.S.C. § 1406(a).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 26th day of June, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.